IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ELIEZER ANTONIO SALAZAR CRESPO, | § § § § § § § § § § § § § | |
| *Plaintiff,* | | 5:25-CV-01485-FB-RBF |
| vs. | | |
| KRISTI NOEM, ET AL., | | |
| *Defendants.* | | |

**ORDER FOR SUPPLEMENTAL BRIEFING**

Before the Court is the status of the above-referenced case and Petitioner Eliezer Antonio Salazar's Petition for Writ of Habeas Corpus. *See* Dkt. No. 1. This case was referred by the District Judge for disposition of all pretrial matters, pursuant to Rule CV-72 and Appendix C to the Local Rules for the United States District Court for the Western District of Texas. *See* Dkt. No. 2; 28 U.S.C. § 636(b)(1)(A).

The Court on January 23, 2026, entered a Report and Recommendation recommending that the Court grant Petitioner's Motion for Temporary Restraining Order. Dkt. No. 22. That recommendation, and a previous one, relied in significant part on a clear emerging consensus in this District and Division on statutory detention authority in immigration cases under 8 U.S.C. §§ 1226(a) and 1225(b)(2)(A). *See* Dkt. No. 22; *see also* Dkt. No. 13. The Fifth Circuit on February 6, 2026, issued a majority opinion contrary to this emerging consensus. It reversed and remanded two district court decisions, which had held that § 1225(b)(2)(A) does not apply to aliens who have lived in the United States for years and were detained inside the country. *See Buenrostro-Mendez v. Bondi*, 155 F.4th 494 (5th Cir. 2026). In so doing, the Fifth Circuit held that the mandatory

detention provision in § 1225(b)(2)(A) is not limited to those aliens detained at the border or a port of entry. The Court acknowledges that the Fifth Circuit's holding concerning the narrow statutory interpretation issue likely affects Salazar's Petition and the Court's prior recommendations.

The Court, therefore, requests supplemental briefing from the parties and directs that its **prior Reports and Recommendations**, Dkt. Nos. 13 & 22, addressing Petitioner's Motion for Temporary Restraining Order, should be **HELD in ABEYANCE** pending further order of the Court.

While the Fifth Circuit's recent *Buenrostro-Mendez* decision answers one question—*i.e.*, the interplay between §§ 1225(b)(2)(A) and 1226(a)—it leaves others unanswered. The overarching concern is that the Government's position appears, at times, untethered to a comprehensive view of the statutory and regulatory scheme vis-a-vis the recent policy shift favoring invocation of § 1225(b)(2)(A) arrest and detention authority for all alien "applicants for admission." The Court's resolution and evaluation of the Petition is hampered here because the Government has invoked § 1225(b)(2)(A) and various provisions and authorities related to it, while essentially ignoring § 1225(b)(1) and various provisions implicating it under the facts presented.

The Court, moreover, has continuing questions about its jurisdiction. And jurisdiction may vary depending on, *inter alia*, the nature of the claims asserted and the Government's asserted detention authority. For example, if Petitioner is subject to § 1225(b)(2)(A), then jurisdiction over certain matters may be affected once the order of removal is issued or when it becomes administratively final. *See, e.g.*, 8 U.S.C. § 1252(b)(9); *see also Duarte v. Mayorkas*, 27 F.4th 1044, 1054-55 (5th Cir. 2022) (discussing § 1252(b)(9) channeling of claims to the courts of appeals and noting that "[w]hen a claim by an alien, however it is framed, challenges the procedure

and substance of an agency determination that is inextricably linked to the order of removal, the federal district court lacks subject-matter jurisdiction. The distinction between an independent claim and one that is inextricably linked to a removal or deportation order will turn on the substance of the relief that a plaintiff is seeking." (cleaned up and internal quotation omitted)). But distinct jurisdictional provisions apply in § 1225(b)(1) cases. *See, e.g.*, 8 U.S.C. § 1252(b)(2)(A). Are they at issue here?

And speaking of § 1225(b)(1), the Court has concerns about the potential applicability of § 1182(d)(5) and § 1225(b)(1). The Government has consistently invoked § 1225(b)(2)(A) in support of Petitioner's arrest and detention. The parties have not briefed in earnest whether § 1225(b)(1) is at issue and, if so, how it intersects here with § 1226(a), including now in light of *Buenrostro-Mendez*. Or does § 1225(b)(2)(A) trump all of that, and, if so, what does that mean for § 1182(d)(5)? Also, if § 1225(b)(1) is at issue, what are the consequences of the Government's reliance on § 1225(b)(2)(A) and apparent application of § 1226(a) at various stages of Petitioner's immigration proceedings? Does it prejudice an alien when the Government's justifications for arrest and detention shift or are incorrect, even if the Government arguably had greater authority under the provision not invoked? If so, how is such a claim raised, and must it be raised in the district or appellate court? Finally, is there an administratively final order of removal here? If there is or is not, what is the significance of that to any of the Court's questions? In aid of these and other questions and concerns, the Court directs the parties to provide supplemental briefing.

Accordingly, **IT IS ORDERED** that, within **fourteen (14) days** from the date that this Order is entered on the docket, Petitioner shall file a Brief, no longer than 15 pages in length, regarding the following:

- Petitioner should clarify the claims still being asserted and their factual and legal predicates. This must be done with sufficient detail to enable the Court to address the claims as well as the scope of its jurisdiction. If due process claims are asserted, Petitioner must clarify their predicates, as that may (or may not) affect jurisdiction.

- Petitioner should discuss the effect on this case of the Fifth Circuit's opinion in *Buenrostro-Mendez*.

- As the Court understands things, it is Petitioner's burden to show there is jurisdiction for each claim asserted. If jurisdiction as to a certain claim presents an open question, Petitioner should acknowledge as much and provide his best authority, even if non-binding, in support of an exercise of jurisdiction.

- Briefing on jurisdiction should address all applicable jurisdictional statutes. If certain claims are subject to channeling to the Fifth Circuit, Petitioner should explain as much, and he should also explain the appropriate procedural mechanism for ensuring channeled claims are presented to the Fifth Circuit. If claims are not subject to channeling, Petitioner should explain why they do not "aris[e] from any action taken or proceeding brought to remove an alien." 8 U.S.C. § 1252(b)(9); *see also Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 591 U.S. 1, 19 (2020).

- Petitioner should address any effect that the removal order has on his claims, and he should provide an update on the finality of the removal order here. He should also explain whether concerns about a removal order are effectively moot in light of potential application of § 1225(b)(1).

Respondents shall file a Responsive Brief within **fourteen (14) days** of the filing of Petitioner's Brief. Respondents' Brief should likewise address these issues and provide candid

responses to the Court's questions supported by applicable authority. Open questions or issues should be acknowledged and flagged for the Court. Petitioner may file a Reply Brief if desired within **seven (7) days** of Respondents' Responsive Brief.

**IT IS FURTHER ORDERED** that the Clerk shall serve Respondent Bobby Thompson, Warden, South Texas Detention Center, by certified mail, return receipt requested. Counsel for Federal Respondents appear on the docket and will therefore receive electronic notice of this Order via the Court's CM/ECF system.

**IT IS SO ORDERED.**

**SIGNED** this 5th day of March, 2026.

_____
RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE