IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

ELIEZER ANTONIO SALAZAR
CRESPO,

        *Plaintiff,*

vs.

KRISTI NOEM, ET AL.,

        *Defendants.*

§
§
§
§
§
§
§
§
§
§

5:25-CV-01485-FB-RBF

**ORDER**

Before the Court is the status of the above-referenced case and Petitioner Eliezer Antonio Salazar's Petition for Writ of Habeas Corpus. *See* Dkt. No. 1. This case was referred by the District Judge for disposition of all pretrial matters, pursuant to Rule CV-72 and Appendix C to the Local Rules for the United States District Court for the Western District of Texas. *See* Dkt. No. 2; 28 U.S.C. § 636(b)(1)(A).

The Court on March 5, 2026, ordered the Parties to submit supplemental briefing in light of the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). *See* Dkt. No. 24. Specifically, the Court ordered Petitioner to file supplemental briefing within 14 days of the Court's Order addressing various questions and concerns regarding the effects of *Buenrostro-Mendez* on the Petition. The Court also ordered Respondents to file responsive briefing within 14 days of the filing of Petitioner's Brief. Petitioner failed to file a Supplemental Brief or respond to the Court's March 5 Order.

Accordingly, on April 15, 2026, the Court ordered Petitioner to show cause within 14 days for his failure to respond to the Court's March 5 Order for supplemental briefing. *See* Dkt. No. 26. Specifically, the Court ordered Petitioner to show cause by filing supplemental briefing as ordered on March 5, 2026. *Id*. at 2. The Court specifically advised Petitioner:

> If Petitioner fails to respond to this Order by filing his Brief within the prescribed deadline, the Court will construe that failure as an indication that he no longer wishes to move forward with his Petition, and the Court may recommend that the case be dismissed for want of prosecution and failure to comply with a Court order. *See* Fed. R. Civ. P. 41(b).

*Id.* To date, Petitioner has not filed a supplemental brief or otherwise appropriately responded to the Court's Orders. *See* Dkt. Nos. 24, 26. Indeed, a review of the docket reflects that Petitioner has been entirely inactive since the filing of Petitioner's Motion to Adopt Magistrate Judge's Report and Recommendation, filed on January 13, 2026. *See* Dkt. No. 21.

Given the nature of the Petition, however, the Court is wary of dismissing the case based solely on the failure of Petitioner's counsel of record to file a response as ordered by the Court. This is especially true given that Petitioner has appeared both through counsel of record in this case and also pro se. *See* Dkt. No. 20. Accordingly, and based upon the concern,

**IT IS THEREFORE ORDERED** that Petitioner's counsel, John Michael Bray, shall confer with his client and then file a response within **fourteen (14) days** from the date of this Order. The response should justify Mr. Bray's failure to respond to the Court's orders, and it should also indicate whether Mr. Salazar wishes to move forward with the Petition.

**IT IS FURTHER ORDERED** that **Respondents** shall within **fourteen (14) days** from the date of this Order file an advisory to inform the Court on the status of Petitioner's removal proceedings and provide any updates concerning Petitioner's detention and removal known to

Respondents. The advisory need only provide a brief update on these matters and need not be longer than a page or two if such suffices to provide the requisite update.

**IT IS SO ORDERED.**

**SIGNED** this 18th day of May, 2026.

 

_____

RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE